UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No. 05-450 |
| : | Mag No. 05-522 |
| v. : | VIOLATION: 18 U.S.C. § 1343 |
| : | (Wire Fraud) |
| ANNA M. ANDERSON, : | |
| : | |
| Defendant. : | |

INFORMATION

The United States Attorney charges that:

COUNT ONE

A. Introduction

1. In or about August of 2004, defendant ANNA M. ANDERSON, who lived in Prince William County, Virginia, was hired as the bookkeeper for Global USA, Inc. (hereinafter "Global"), in Washington, D.C., earning a salary of approximately $41,500. Defendant's duties included paying payroll, paying creditors, making deposits, performing on-line banking, and reconciling the company's bank account.

2. Global was and is a private organization involved in the lobbying business.

B. The Scheme and Artifice

3. From between in or about August of 2004, until in or about August of 2005, in the District of Columbia and the Eastern District of Virginia, defendants ANNA M. ANDERSON knowingly and willfully devised and intended to devise a scheme and artifice to obtain money from Global by means of materially false and fraudulent pretenses, representations, promises and material omissions.

### C. The Purposes of the Scheme and Artifice

4. It was a purpose of this scheme and artifice for defendant ANNA M. ANDERSON to use her position at Global to cause wire transfers of money from Global's SunTrust Bank account in Washington, D.C., to defendant's Navy Federal Credit Union (hereinafter "NFCU") account in Vienna, Virginia.

5. It was further a purpose of this scheme and artifice for defendant ANNA M. ANDERSON and her fiancé to use the funds transferred from Global's SunTrust bank account to make purchases of personal goods and services for defendant ANDERSON and her fiancé.

### D. Manner and Means Used to Carry Out the Scheme and Artifice

This fraudulent scheme and artifice was carried out in the following particular ways, among others:

6. Defendant ANNA M. ANDERSON, using her position at Global, caused unauthorized wire transfers of money from Global's bank account into her account at the NFCU.

7. Between on or about August 19, 2004, and August 23, 2005, defendant ANNA M. ANDERSON, without the authority of Global, caused sixty-eight (68) Automated Clearing House wire transfers involving a total of approximately $893,913.29 to be made from Global's SunTrust bank account in Washington, D.C., to defendant's NFCU account in Vienna, Virginia.

8. In order to hide the illegal transfers, defendant ANNA M. ANDERSON submitted to Global's managing partner fraudulent financial statements approximately monthly showing a balance in Global's finances inflated over what was actually in its account.

9. Sometime after defendant ANNA M. ANDERSON began transferring Global's money into her NFCU account, defendant opened an account at the NFCU for her fiancé (hereinafter

"fiancé's account"). Almost all of the funds put into the fiancé's account were from defendant's NFCU account. Between August of 2004 and August of 2005, defendant made ninety-nine transfers of funds into her fiancé's account, totaling $163,980. Defendant's fiancé has been unemployed from on or about January 15, 2005.

10. Defendant ANNA M. ANDERSON, after illegally receiving the funds from Global, purchased, or had her fiancé purchase, numerous goods and services for their personal use using the funds from Global, including, among others, the following approximate amounts for the respective listed item: $40,000 on travel; $20,000 on clothes; $10,000 on purses, $10,000 on a Christmas Party; $30,000 on decorations; $20,000 on down payments on cars; $5,000 on a sprinkler system; $6,000 on a gutter system; $9,000 on landscaping; $10,000 on a deck; $15,000 on general bills; $50,000 on past due bills and collections; $80,000 on jewelry; $18,000 on divorce proceedings; $22,000 on daycare; $130,000 on a then-upcoming wedding; $30,000 on an engagement party; $6,000 on a play set; $30,000 on furniture; and $8,000 on an intercom system.

11. Defendant ANNA M. ANDERSON, after illegally receiving the funds from Global, purchased, or had her fiancé purchase the following items using the funds from Global: (1) on or about June 29, 2005, defendant purchased a 2002 Mercedes Benz S430, for $40,466.61; (2) on or about May 7, 2005, defendant and her fiancé purchased a Suzuki Hayabusa motorcycle and accessories for approximately $25,000; (3) on or about September 17, 2004, defendant's fiancé purchased a 1995 BMW 740 with approximately $14,800 being paid on the vehicle; and (4) on or about February 11, 2005, defendant purchased a 2.01 carat diamond engagement ring set in platinum, with an appraised value of $33,296.55.

E.  The Scheme and Artifice Become Known

12. In or about the Summer of 2005, Global started to detect certain financial difficulties it was having, including bounced checks, and started to raise questions, including with defendant ANNA M. ANDERSON, about the cause of these difficulties.

13. In response to questions being raised about Global's finances, defendant ANNA M. ANDERSON deposited three personal checks from her NFCU account into Global's SunTrust bank account to cover payroll. Defendant stated the purpose was "to put more money into the account so that checks wouldn't bounce." The three checks deposited were the following: (1) dated 07/05/05, made payable for $60,000; (2) dated 07/11/05, made payable for $60,000, and (3) dated 07/28/05, made payable for $90,500. These three checks were rejected by the bank, however, due to insufficient funds in defendant ANDERSON' NFCU account.

14. After Global because aware it was having financial difficulties and defendant ANNA M. ANDERSON was questioned by personnel at Global about those difficulties, defendant ANDERSON created fraudulent e-mail communications that provided alleged legitimate justifications for the transfers of funds from Global's account.

15. On or about August 23, 2005, defendant ANNA M. ANDERSON was terminated from her employment with Global.

16. On or about August 25, 2005, Global began an audit of its financial records because of the perceived financial difficulties. The audit revealed that between August 19, 2004, and August 23, 2005, sixty-eight (68) Automated Clearing House wire transfers, not authorized by Global, involving a total of approximately $893,913.29 had been made from Global's SunTrust bank account in Washington, D.C., to defendant's NFCU account in Vienna, Virginia.

17. On or about September 1, 2005, in a recorded interview with a private investigator employed by Global, defendant acknowledged wrongfully taking between $500,000 and $600,000 from Global.

F. Use of the Wires in Furtherance of the Scheme and Artifice

18. For the purpose of executing the scheme and artifice to defraud, in the District of Columbia and the Eastern District of Virginia, defendant ANNA M. ANDERSON did knowingly cause to be transmitted writings, sounds, and signals by means of a wire communication in interstate commerce, as follows: on or about May 6, 2005, a wire transfer of $46,312.52 from Global's SunTrust Bank account in Washington, D.C., to defendant's NFCU account in Vienna, Virginia.

(Wire Fraud, in violation of 18 U.S.C. § 1343)

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar # 451058

By: *Daniel P. Butler*

DANIEL P. BUTLER
Assistant United States Attorney
D.C. Bar # 417718
United States Attorneys Office
555 4th Street, N.W., Room 5231
Washington, D.C. 20530
(202) 353-9431
Daniel.Butler@USDOJ.Gov